United States District Court
Southern District of Texas
**ENTERED**
July 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFERSON FERNANDO PACHECO BLANCO, | § | CIVIL ACTION NUMBER |
| | § | 4:26-cv-05482 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| WARDEN, HOUSTON | § | |
| CONTRACT DETENTION | § | |
| FACILITY, | § | |
| Respondent. | § | |

ORDER

The petition for a federal writ of *habeas corpus* by Petitioner Jefferson Fernando Pacheco Blanco, filed on his behalf by Santiago Rafael Pacheco Pacheco, is stricken. Dkt 1.

Petitioner is granted leave to file an amended petition as explained below.

1. Background

Petitioner is currently being detained by immigration officials at the Houston Contract Detention Center in Houston, Texas. Dkt 1 at 2. A petition seeking a writ of *habeas corpus* was filed on his behalf by his father as a "next friend." It admits to his illegal entry on a prior date but asserts that his detention is illegal as a violation of the Due Process Clause of the Fifth Amendment. Id at 4–5. Petitioner didn't sign or otherwise acknowledge the petition. Instead, the only signature is that of the next friend. Id at 7. Neither the petition nor any of the supporting documents contains any allegations concerning why Petitioner could not and did not file his own petition.

2.   Putative filing by next friend

A petition for writ of *habeas corpus* may be "signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 USC §2242 (emphasis added). A person acting on behalf of another—a *next friend*—doesn't become a party to the action but instead simply pursues the action on behalf of the person detained, who remains the real party in interest. *Whitmore v Arkansas,* 495 US 149, 163 (1990).

Jurisdiction to entertain a petition filed by a next friend exists only if the next friend establishes standing. Standing to proceed as a next friend in *habeas* proceedings "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Ibid. The Fifth Circuit has long observed, "The 'next friend' expedient, which on occasion may be essential to the efficacy of the 'Great Writ,' may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined." *Weber v Garza*, 570 F2d 511, 514 (5th Cir 1978, *per curiam*). Instead, a person seeking to proceed as the next friend of another must clearly "establish the propriety of [such] status and thereby justify the jurisdiction of the court." *Whitmore*, 495 US at 164.

The person seeking status as a next friend must (i) provide an adequate explanation as to why the real party in interest can't pursue the action on his own behalf, (ii) establish dedication solely to the best interests of the real party in interest, and (iii) show a significant relationship with the real party in interest. See *Thorpe v Eavenson*, 2007 WL 4355441, at *2 (ND Tex), citing *Whitmore*, 495 US at 163–64.

The first criterion is essential. If the petition "filed by a would-be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device," the court lacks jurisdiction to consider the petition. *Weber*, 570 F2d at 514; see also *Whitmore*, 495 US at 163. In this respect, an *adequate explanation* requires a clear showing that the real party in interest "is unable to

2

seek relief on his own behalf or is mentally incompetent to do so." *Lovelace v Lynaugh*, 809 F2d 1136, 1137–38 (5th Cir 1987, *per curiam*), citing *Gilmore v Utah*, 429 US 1012, 1014 (1976).

It is assumed for purposes of this order that Petitioner's father satisfies the second and third requirements to be a next friend. But no sufficient showing is presented as to the first requirement. The only explanation he gives for why Petitioner can't pursue this action on his own behalf is that he is detained. But the sole purpose of *any* petition for a writ of *habeas corpus* is to challenge the legality of an ongoing detention. See *Poree v Collins*, 866 F3d 235, 243 (5th Cir 2017), citing *Preiser v Rodriguez*, 411 US 475, 500 (1973), and *Wilkinson v Dotson*, 544 US 74, 78 (2005). If being detained was sufficient of itself to warrant filings by a next friend, the next-friend device could be used in all *habeas* cases. That is not the rule articulated by the Supreme Court in *Whitmore*. See 495 US at 163.

It also bears mention that, to this point, many hundreds of *habeas* petitions have been filed in this district by immigration detainees representing themselves, many of whom are detained in the same facility as Petitioner. Yet next-friend status is rarely sought. That it may be easier for Petitioner's father to file the petition isn't sufficient to confer standing to pursue relief as a next friend. And to be clear, nothing is offered to show that Petitioner is mentally incompetent or otherwise unable to file pleadings on his own behalf when many others detained at the same facility have done so.

In short, Petitioner's father hasn't alleged facts showing that Petitioner is unable to seek *habeas corpus* relief on his own behalf and is thus in need of a next friend to pursue his claims for him. Absent such proof, jurisdiction to consider the petition filed by Petitioner's father on his behalf is lacking.

This petition must be stricken for lack of standing to pursue it by the next friend.

### 3. Leave to amend

While the current petition must be stricken, Petitioner will be granted leave to file an amended petition. In doing so, Petitioner should be mindful of the following.

*First*, Rule 11(a) of the Federal Rules of Civil Procedure requires that all pleadings filed by a *pro se* party be personally signed by the party. Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts requires a party to sign a petition under penalty of perjury. While this petition was filed under §2241, Rule 1(b) of the Rules Governing Section 2254 Cases permits the district courts to apply the rules to all *habeas corpus* petitions. Any amended petition filed in this action must therefore be personally signed by Petitioner.

*Second*, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08. Such determination forecloses any statutory arguments under the INA.

*Third*, on July 2, 2026, the Fifth Circuit issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). That decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. That decision was then vacated on July 10, 2026, pending rehearing *en banc*. See 26-50183 (5th Cir, July 10, 2026). It thus is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

With reference, then, to the limitations imposed by the Due Process Clause, the undersigned has previously

determined that the pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis,* 533 US 678 (2001), as to post-removal-order detention. See *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026); *Penafiel Clavijo v Thompson,* 2026 WL 923310 (SD Tex). The undersigned also determined that the decision by prior Administrations to decline to enforce §1225(b)(2)(A) doesn't estop or otherwise prevent the current Administration from enforcing that statute as written. *Marcelo-Aguila v Noem,* 2026 WL 936337 (SD Tex). These determinations would appear to foreclose any due process arguments under the Fifth Amendment.

4.  Conclusion

The petition filed by Santiago Rafael Pacheco Pacheco on behalf of Petitioner Jefferson Fernando Pacheco Blanco is STRICKEN as unauthorized.

Petitioner Jefferson Fernando Pacheco Blanco may, within twenty days from entry of this Order, FILE an amended petition with additional authorities or relevant distinguishing facts not considered in the rulings cited above on prior dismissals.

Absent a showing of distinguishing facts, the amended petition will be denied and this action dismissed with entry of final judgment.

Petitioner may in the alternative voluntarily dismiss the petition.

It is ordered that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on ___July 15, 2026___ , at Houston, Texas.

Honorable Charles Eskridge
United States District Judge